497 F.Supp.2d 520 (2007)
In re ADLER, COLEMAN CLEARING CORP., Debtor.
Edwin B. Mishkin, As Sipa Trustee for the Liquidation of the Business of Adler, Coleman Clearing Corp. Plaintiff,
v.
Philip Gurian, Tally Group, S.A., Rocena Company, Ltd., Ubiquity Holdings, Ltd., a/k/a Umbiquity Holdings, S.A., Maraval and Associates; Caspian Consulting, Ltd., and Bauman Ltd., Defendant.
No. 97 Civ. 03817(VM).
United States District Court, S.D. New York.
July 19, 2007.
Amending Order July 20, 2007.
Ames J. Binns, James J. Binns, P.C., Philadelphia, PA, Marc S. Gottlieb, Beckman, Millman & Sanders, LLP., New York, NY, William J. Schwartz, Kronish, Lieb, Weiner & Hellman LLP, New York, NY, for Philip Gurian.
Thomas J. Moloney, Cleary, Gottlieb, Steen & Hamilton Citigroup Center, New York, NY, for Edwin B. Mishkin.

*521 DECISION AND ORDER

MARRERO, District Judge.

I. BACKGROUND

By Order dated May 31, 2007, Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued an Amended Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, advising the Court to grant the motion of plaintiff Edwin B. Mishkin, as Trustee (the "Trustee") for the Liquidation of the Business of Adler, Coleman Clearing Corp. ("Adler"). The Trustee had requested a turnover order and other injunctive relief directing defendant Philip Gurian ("Gurian") to transfer to the Trustee all deliverable assets directly or indirectly owned or controlled by Gurian, so as to satisfy a judgment in the amount of $150 million entered by this Court against Gurian in the underlying action.[1] In particular, the Trustee seeks assets he asserts Gurian owns or controls in accounts at the Philadelphia Trust Corporation ("PTC"), the World Savings Bank ("WSB"), and a Swiss bank, as well as funds in accounts of Benil Finance Limited ("Benil"), which the Trustee contends is Gurian's alter ego (collectively, the "Turnover Assets"). Gurian denies ownership of the Turnover Assets and challenges the Court's authority to compel him to convey assets that he claims he does not own. For the reasons stated below, the Court adopts the recommendations of the Report and grants the relief the Trustee seeks.

II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's repert may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. See Fed.R.Civ.P. 72(b); Thomas v. Ani, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Greene v. WCI Holdings Corp., 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a `specific written objection' within `[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F.Supp. 454, 463 (S.D.N.Y.1997) (citation omitted) (citing United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). See Thomas, 474 U.S. at 149, 106 S.Ct. 466. A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); Walker v. Hood, 679 F.Supp. 372, 374 (S.D.N.Y.1988).

III. DISCUSSION

The factual background relevant to this controversy are described in the Court's rulings in the underlying case and related actions. See In re Adler, 469 F.Supp.2d at 115-16 (citing related actions).
A. TIMELINESS
As a preliminary matter, the Court considers the Trustee's challenge to Gurian's objections as untimely. The Court does not address this contention, as finds no merit in any of Gurian's objections and finds sufficient grounds to grant the Trustee the relief requested even if Gurian's submission had been timely.
B. GURIAN'S OBJECTIONS
Gurian's first objection argues that the Report contains errors in certain findings *522 of fact and/or law that the Magistrate Judge relied upon in making the recommendations. Specifically, Mr. Gurian takes issue with (1) a statement in the Report that Gurian's guilty plea and conviction in connection with another case are related to and contain facts similar to those involved in the underlying action before this Court; (2) a statement that certain governmental authorities had suggested that Gurian was the owner of Benil; (3) a finding that certain properties the Trustee has identified were purchased by Gurian using Benil funds. Second, Gurian asserts that the turnover order recommended by Magistrate Judge Katz is overly vague and too broad to be enforced insofar as it relates to "deliverable" assets, a term Gurian contends gives him insufficient notice of what property he is required to transfer to the Trustee. Third, Gurian claims that the Report is erroneous in recommending that Gurian account for and turnover specific assets that he alleges he does not own or control. In particular, Gurian challenges the Report's finding that he has beneficial ownership or control of Benil and that sufficient ground thus exists to believe Benil has significant assets subject to the turnover order.
In support of his objections, Gurian has submitted his own affidavit attesting to the facts upon which his opposition is grounded. (See Affidavit of Philip Gurian, dated June 14, 2007 ("Gurian Aff."), submitted as an attachment to Gurian's objections to the Report.) The Trustee urges the Court to reject Gurian's Affidavit. He points out that although given ample opportunity to present evidence to the Magistrate Judge during this proceeding, Gurian declined to do so, and thus that the Affidavit constitutes new evidence not considered in the preparation of the Report. The Trustee argues that the Court has the discretion to reject such evidence absent compelling reasons justifying why it was not provided to the Magistrate Judge. See 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72(b) (providing that in making a de novo determination as to any portion of a Magistrate Judge's report to which written objection has been made, a district court may rule "upon the record, or after additional evidence"); Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir.1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review."); Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994); Pan Am. World Airways v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n. 3 (2d Cir.1990).
In preparing his Report, Magistrate Judge Katz conducted an evidentiary hearing on March 30, 2007 at which Gurian chose not to testify in person or to submit an affidavit or to provide documentary evidence sufficient to support his position or to refute the Trustee's case. Instead, he relied simply on responses to interrogatories. (See Report at 6 and 25.) Gurian has provided no explanation for his failure to respond more fully during the Magistrate Judge's hearing.
The Court finds no compelling reason to exercise its discretion to consider Gurian's Affidavit in this proceeding. In reaching this conclusion, the Court has weighed several considerations. First is the duration of this litigation. This case has been on the Court's docket for over ten years. Further delays associated with a remand of the matter to the Magistrate Judge for further review, as Gurian proposes, would create greater prejudice to the Trustee in additional costs, unavailability of persons with knowledge relevant to the issues in dispute, and increased difficulties in securing enforcement of the *523 judgment. In this connection, the Court has noted the repeated instances during the long pendency of this action is which Gurian demonstrated transparent dilatory tactics that required the Court's intervention to compel compliance with Court orders and reduce delays. (See, e.g., In re Adler, Coleman Clearing Corp. v. Gurian, No. 97 Civ. 3817) (Memo-endorsed Orders dated: July 15, 2005, Docket No. 29; September 6, 2005, Docket No. 36; September 26, 2005, Docket No. 41; October 11, 2005, Docket No. 44; January 20, 2006, Docket No. 62; January 26, 2006, Docket No. 67; February 15, 2006, Docket No. 77.)
As the Trustee properly notes, longer delays work to Gurian's advantage, enabling him to transfer, conceal or otherwise place deliverable assets out of the Trustee's legal reach  significant instances of which the Trustee claims have already occurred here, as evidenced by Gurian's placing substantial assets in his mother's name, and her transferring large sums of money to Panamanian accounts, and fleeing from Florida to Panama after the Trustee obtained a court order seeking to prevent Gurian's mother from encumbering property purchased with Gurian's assets. In light of these circumstances, it would be inequitable to the Trustee to tolerate or reward Gurian's strategy of delay once again by enabling him to provide evidence here that he had opportunity to present to the Magistrate Judge, but that he consciously and perhaps tactically chose not to. Such a course would undermine the purposes, of promoting efficiency and fairness in the expeditious administration of justice that Congress sought to achieve by means of the Magistrate Judges Act.
Regardless of Gurian's strategic motives at this stage of the litigation, his affidavit warrants rejection on substantive grounds as well. First, as the Trustee points out, it lacks reliability insofar as it is replete with generalizations, conclusory statements, and hearsay references to facts based upon "information and belief." Moreover, as Gurian repeatedly attempted to do in defending against the Trustee's motion for summary judgment in the underlying case (see, e.g., In re Adler, 469 F.Supp.2d at 120), Gurian essentially seeks to retreat from prior statements he gave at his criminal trial, where he testified under oath and subject to cross-examination as a Government witness under a cooperation agreement, for which he received a substantial benefit at sentencing. He adopts the same practice in his affidavit by making declarations as to material facts that contradict his earlier sworn testimony. See Hayes v. Department of Corr., 84 F.3d 614, 619 (2d Cir.1996) (holding that a party cannot raise a material issue of fact by means of statements in an affidavit that materially conflict with prior sworn testimony). For example, to dispute the Trustee's claims regarding assets Gurian may have in certain Swiss bank accounts, ownership of which he admitted under oath at his criminal trial, Gurian now asserts that his trial testimony was false. In effect, he explains that he did not tell the truth as he had sworn to do when he previously acknowledged his interest in those accounts because he was then "confused" and "honestly mistaken," and thus admitting ownership of the account was his "most conservative course of action." (Gurian Aff. at ¶¶ 38, 43.) Such contradictions raise questions about the extent to which serious doubt may similarly be cast over the veracity of other assertions in Gurian's affidavit.
Examining the record before Magistrate Judge Katz, the Court is persuaded that the Trustee has sufficiently established that Gurian possesses substantial deliverable assets, including beneficial ownership or control over Benil, and the various accounts, properties, proceeds and other assets *524 associated with Benil, as well as accounts at the PTC, the WSB and a Swiss bank. The Court finds nothing clearly erroneous in the factual details cited in the Report that warrant rejection of the Report's recommendation or remand for additional review. The Court finds, as did Magistrate Judge Katz, that Gurian has failed to refute the substantial documentation produced by the Trustee establishing Gurian's financial interest in the Turnover Assets. Moreover, the reference in the Report to "all deliverable assets" including but not limited to the Turnover Assets, though broad, is specific enough to give Gurian sufficient notice and guidance about what he is required to do to comply, a process that would be aided by the accounting the Trustee requested. See In re Feit & Drexler, Inc., 760 F.2d 406, 417 (2d Cir.1985) (affirming an order directing defendants to turn over "all property capable of delivery"). Accordingly, for substantially the reasons set forth in the Report, the Court rejects Gurian's objections and grants the Trustee the turnover order and other relief requested.

IV. ORDER

For the reasons discussed above, it is hereby
ORDERED that the Report and Recommendation of Magistrate Judge Theodore Katz dated May 31, 1997 (Docket No. 136) is adopted in its entirety, and the motion of plaintiff Edwin B. Mishkin as SIPA Trustee for the Liquidation of the Business of Adler, Coleman Clearing Corp. (the "Trustee") for a turnover order and other injunctive relief (Docket No. 122) is GRANTED; and it is further
ORDERED that defendant Philip Gurian ("Gurian") is directed to turn over to the Trustee forthwith all deliverable assets and instruments of property directly or indirectly owned, held or controlled by Gurian, and to provide to the Trustee an accounting of all such property. SO ORDERED.

AMENDED DECISION AND ORDER
By Decision and Order dated July 18, 2007 (the "Decision") the Court, adopting the recommendations of a report by Magistrate Judge Katz, granted the request of plaintiff Edwin B. Mishkin, as Trustee for the Liquidation of the Business of Adler, Coleman Clearing Corp. (The "Trustee") for an Order directing defendant Philip Gurian ("Gurian") to transfer to the Trustee, in satisfaction of a judgment in the underlying case, any interest he has in any deliverable assets he owns or controls. In a letter to the Court dated July 19, 2007, a copy of which is incorporated hereto and made part of the record, the Trustee seeks clarification of two points in the Decision's discussion of the Court's reasoning and conclusion. Gurian has responded by letter dated July 19, 2007, which is also incorporated herein.
First, the Trustee points to a sentence on page 8 of the Decision which states that "The Court finds nothing clearly erroneous in the factual details in the Report that warrant rejection of the Report's recommendation or remand for additional review." The Trustee expresses concern that this mention of the term "clearly erroneous" might be construed to refer to the standard applicable to Court's review of a Magistrate Judge's report to which no timely objection has been made, rather than the de novo review that governs where timely objections are filed. Gurian finds no ambiguity in the Decision on this point but, to avoid potential for confusion, does not object to the clarification the Trustee seeks.
The Decision explicitly acknowledges that the de novo standard applies where timely objections are submitted. (See Decision *525 at 2.) The Court then expressly indicated that because it had decided not consider the Trustee's argument that Gurian's objections were untimely, it had conducted a de novo review of the record before Magistrate Judge Katz. On that basis the Court stated that it found no merit in any of Gurian's objections, see Decision at 3, and that the Trustee had established sufficient grounds for the relief requested, see Decision at 7-8. More specifically confirming its separate review, the Court stated that "It finds, as did Magistrate Judge Katz," that Gurian has "failed to refute the substantial documentation produced by the Trustee establishing Gurian's financial interest in the Turnover Assets." Id. at 8.
The Court's use of the phrase "clearly erroneous" was not intended as a reference to the applicable standard of review. Rather, the phrase was meant merely as an expression of the Court's view, in addressing Gurian's request for a remand to the Magistrate Judge for further review of certain details he contended Magistrate Judge Katz had either inaccurately stated or misunderstood, that in fact there were no such errors or uncertainty warranting a rejection of the recommendation to grant the turnover order as recommended by Magistrate Judge Katz, and a remand on that ground alone. In other words, on its de novo examination of the record, the Court read the evidence on the specific points in question precisely the way Magistrate Judge Katz had described the facts, and on that separate review the Court had reached the same understanding of the matters raised by Gurian's objections.
Second, the Trustee noting the unquantifiable temporal reference associated with the term "forthwith" in the Order directing Gurian to turn over deliverable assets, proposes that the Court provide a specific deadline, particularly in light of the well-documented longstanding record of Gurian's dilatory practices in this case. By using the term "forthwith" in this context it is the Court's intent that the Order commands Gurian to turn over to the Trustee immediately any assets he owns on controls that are now deliverable, and that any other assets not immediately deliverable for any legitimate reasons would be turned over promptly upon the resolution of any valid ground impeding immediate delivery. To the extent that the term "forthwith" leaves any room for uncertainty as to the deadline for compliance, it is the Court's view that any time more than ten business days after the date of the Decision would not comply with the intent of the Order, and would entitle the Trustee to seek additional relief, including, as appropriate, contempt of court proceedings.
The Court has considered Gurian's objection that the date proposed by the Trustee is unreasonable, in part because Mr. Gurian is currently outside the United States until early August and that a compliance date of August 17, 2007 would be more appropriate. The Court leaves it to the parties to stipulate to a compliance date later than that stated by the Court, subject to a satisfactory sworn undertaking by Gurian that he shall take no action to alter in any way the legal or physical status of his interest in any assets within the scope of the turnover Order. If the parties cannot come to such an agreement, the compliance date stated by the Court will remain in effect. Accordingly, it is hereby
ORDERED that the Court's Decision and Order dated July 18, 2007 is amended to incorporate the clarifications set forth above as part of this Order.
SO ORDERED.
NOTES
[1] See In re Adler, Coleman Clearing Corp., 469 F.Supp.2d 112 (S.D.N.Y.2007).